**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

AMANDA LOCKHART,

    Plaintiff,

       v.

ACCOUNT BROKERS, INC.,

    Defendant.

---

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

---

**PLAINTIFF'S COMPLAINT**

    AMANDA LOCKHART, Plaintiff, through her attorneys, KROHN & MOSS, LTD., alleges the following against ACCOUNT BROKERS, INC., Defendant:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant is located in the State of Colorado and conducts business in the state of Colorado, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6. Plaintiff is a natural person residing in Parker, Douglas County, Colorado, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

7. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

8. Defendant is a national company with an office located in Denver, Denver County, Colorado.

9. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

10. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant calls Plaintiff from telephone number 303-458-8980 several times a week seeking and demanding payment for an alleged debt

13. Defendant threatened to file a lawsuit against Plaintiff if Plaintiff did not pay the alleged debt.

14. Defendant has failed to provide Plaintiff with a validation of the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

   b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   c. Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiff even though Defendant does not intend to do so.

   d. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiff even though Defendant does not intend to do so

   e. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies verification of the debt or a copy of a judgment against the consumer and a the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor

WHEREFORE, Plaintiff, AMANDA LOCKHART, respectfully requests judgment be entered against Defendant, ACCOUNT BROKERS, INC., for the following:

16. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

17. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

18. Actual damages,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, AMANDA LOCKHART, requests a jury trial in this case.

DATED:  February 16, 2010                KROHN & MOSS, LTD.

By:     /s/ Nicholas Bontrager
Nicholas J. Bontrager, Esq.
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Ste. 401
Los Angeles, CA 90025
Ph: (323) 988-2400; Fx: (866) 802-0021
nbontrager@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF COLORADO)

Plaintiff, AMANDA LOCKHART, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, AMANDA LOCKHART, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 2-11-2010                    _____
                                        AMANDA LOCKHART